IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DEWAYNE ALLEN THOMAS,

        Petitioner,

v.                                                              Case No. 5:18-cv-01312

D. L. YOUNG,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

On November 24, 2018, Petitioner Dewayne Allen Thomas ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is Respondent's request for dismissal as articulated in the Response to Order to Show Cause. (ECF No. 10).

Having thoroughly reviewed the record, the undersigned **FINDS** that Petitioner has received the relief that he seeks in his petition; therefore, this habeas proceeding is moot. Accordingly, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the request for dismissal; **DISMISS** the Petition for a Writ of Habeas Corpus; and remove this matter from the docket of the Court.

## I.    Relevant Facts

In August 2014, Petitioner was convicted in the United States District Court for the Eastern District of Kentucky of one count of conspiracy to distribute, and one count of distributing, 28 grams or more of cocaine base. (ECF No. 1 at 1; ECF No. 10 at 1). He was sentenced to serve a prison term of 156 months, followed by eight years of supervised release. (*Id.*). In October 2016, the sentencing court amended Petitioner's sentence, reducing it to 96 months. (ECF No. 1 at 2, ECF No. 10 at 1).

On August 20, 2018, Petitioner filed in the sentencing court a Motion to Modify Sentence and/or Award Credit for Time Served. (ECF No. 10 at 2). Petitioner argued that the Federal Bureau of Prisons ("BOP") failed to credit his sentence with 24 months that he spent in federal detention prior to sentencing. (*Id.*). On September 21, 2008, the sentencing court recognized the sentence error and amended Petitioner's sentence under Fed. R. Crim. P. 35(a). The court reduced Petitioner's sentence by another 24 months, making his term of imprisonment 72 months. *See United States v. Thomas,* Case No. 5:12-cr-00079-KKC (E.D. Ky. Sept. 21, 2018) at ECF No. 1343. The sentencing court then denied Petitioner's Motion to Modify Sentence, as moot, noting that the judgment had already been amended. *Id.* at ECF No. 1346.

Petitioner, apparently believing that his Motion to Modify Sentence had been denied on the merits, filed the instant petition for a writ of habeas corpus. (ECF No. 1). At the time that Petitioner filed the habeas petition, he was incarcerated in the Federal Correctional Institution ("FCI") at Beckley, West Virginia. The Court issued a Show Cause Order, directing Respondent to answer or otherwise respond to the petition for a writ of habeas corpus. (ECF No. 3). Pursuant to the Show Cause Order, Respondent answered the petition on December 19, 2018, explaining that Petitioner's sentence had

already been modified and arguing that the matter was now moot and subject to dismissal. (ECF No. 10). The Court issued an Order giving Petitioner sixty days to reply to Respondent's answer and request for dismissal; however, Petitioner was in transit from FCI Beckley to FCI Fort Dix in New Jersey and did not promptly receive Respondent's answer or the Court's order. (ECF Nos. 12, 13). Shortly thereafter, Petitioner filed a motion requesting that the Court grant his habeas petition on the basis that Respondent had not answered the Show Cause Order. (ECF No. 14). On January 7, 2019, the Clerk of Court provided Petitioner with another copy of Respondent's answer to the Show Cause Order and with the Court's Order directing Petitioner to respond to the request for dismissal within sixty days. (ECF No. 15). According to the Court's docket, Petitioner received this correspondence. However, he did not file a response to Respondent's request for dismissal of the petition.

On May 20, 2019, the Court entered another Order, noting the confusion associated with Petitioner's transfer from Beckley to New Jersey and granting Petitioner an additional eighteen days to respond to the request for dismissal. (ECF No. 16). By this time, however, Petitioner had been transferred to a Residential Reentry Center ("RRC") in Cincinnati, Ohio. Petitioner had not notified the Court of his transfer; consequently, the Order was returned as undeliverable and was resent to Petitioner at the RRC. (ECF No. 17). It appears from the Court's docket that Petitioner received the Order, but he did not file a response. On June 18, 2019, Petitioner was released from the BOP's custody. *See* www.bop.gov/inmateloc/.

## II.    <u>Discussion</u>

A prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his

3

subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n. 22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969); *United States v. Ketter,* 908 F.3d 61, 65 (4th Cir. 2018) (citation omitted). As such, when a prisoner files a habeas corpus petition seeking relief from a conviction or sentence, and he subsequently receives the relief requested, the petition may be moot. *See Simmons v. United Mort. And Loan Inv., LLC,* 634 F.3d 754, 763 (4th Cir. 2011) ("Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim.") (citing *Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 197 (4th Cir.2002)).

In this case, Petitioner complained that he had not been given credit on his prison sentence for approximately 24 months that he spent in federal detention. After Petitioner raised the issue with the sentencing court, his sentence was amended to account for the 24 months of detention. As demonstrated by the affidavit filed with Respondent's answer to the Show Cause Order, Petitioner's sentence computation was

updated to reflect the amendment, reducing his sentence from 96 months to 72 months.[1] (ECF No. 10-1). Petitioner has been given an opportunity to refute the statements contained in the affidavit and has not done so. Therefore, the record indicates that Petitioner has received the relief he requested in his petition for a writ of habeas corpus, rendering his petition moot and subject to dismissal. While there are some exceptions to the mootness doctrine, none of them apply here. Because Petitioner's sentence was amended before the release date under the new sentence, Petitioner has no basis to claim that his term of supervised release should be recalculated. *See Ketter,* 908 F.3d at 66 (holding that "[a]n appeal of a sentence is not moot where success on the appeal could alter the length or conditions of the supervised release portion of the defendant's sentence.") (citation omitted). Furthermore, Petitioner has not articulated any collateral consequences flowing from his sentence calculation, nor is he likely to face the same set of circumstances in the future. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986).

For these reasons, the undersigned **FINDS** that (1) Petitioner's receipt of the relief he requested renders his petition for habeas corpus moot and (2) no exception to the mootness doctrine applies in this case.

### III.  Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's request for dismissal, (ECF No. 10), be

---

[1] The affidavit of Gail Crowe, Management Analyst, Designation and Sentence Computation Center of the BOP, refers to attachments. However, Respondent failed to file the attachments. Nevertheless, the documents referenced, with the exception of the SENTRY printout, were available through PACER and were examined by the undersigned. Moreover, Petitioner's release from custody corroborates the affidavit.

**GRANTED**; the Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DENIED**; and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** February 13, 2020

Cheryl A. Eifert
United States Magistrate Judge

6